IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,922-03






EX PARTE GLENN DALE BOYDSTUN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19367 IN THE 336
TH JUDICIAL DISTRICT COURT


FROM FANNIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated, third offense, and following the revocation of probation, Applicant was sentenced to ten
(10) years' imprisonment. He did not appeal the probation or the revocation proceedings.

 Applicant contends that the revocation was invalid because he was not represented by
counsel and he had not waived his right to counsel, and he had agreed to plead true to the revocation
allegations in exchange for a recommendation of two (2) years' confinement but he was sentenced
to ten (10) years' confinement. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that the revocation was invalid. Specifically, the trial court shall make findings as to whether
Applicant knowingly and intelligently waived the right to counsel at the revocation proceeding, and
whether Applicant agreed to plead true to the revocation allegations in exchange for the State's
recommendation of a sentence of two years' confinement. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief. The trial court shall supplement the habeas record with
copies of all documents upon which its findings are based, including the plea papers, affidavits, and
any other relevant documents.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 8 , 2006

Do not publish